## Case No. 8,814.

### McGUIRE v. EAMES.

[15 Blatchf. 312; 3 Ban. & A. 499.] [1]

Circuit Court, E. D. New York. Oct. 23, 1878.

PATENTS—VALIDITY—INFRINGEMENT — LICENSE—MOTION FOR INJUNCTION—NECESSITY FOR.

A motion for a preliminary injunction to restrain the infringement of a patent was made six months after it was issued. The answer put in issue its validity, and set up a license to construct and use the machine complained of, granted by the plaintiff before the patent was issued. It was disputed, on affidavits, whether the defendant's machine was so made with the knowledge and consent of the plaintiff, and whether the invention was new, and the defendant was shown to be able to respond in damages: *Held*, that the motion must be denied.

[This was a bill in equity by Thomas M. McGuire against Harvey A. Eames.]

James Ridgway, for plaintiff.
William H. McDougall, for defendant.

BENEDICT, District Judge. This is a motion for a preliminary injunction, to restrain the defendant from using a certain hydraulic power accumulator, upon the ground that it is an infringement upon a patent issued to the plaintiff on the 23d day of April, 1878, and numbered 202,660. The answer filed to the bill puts in issue the validity of the plaintiff's patent, and further sets up a license to construct and use the machine in question, granted by the plaintiff prior to the issuing of the patent upon which he relies. It appears, from the affidavits, that the defendant does not construct machines for the purposes of sale, but did construct the machine complained of, which he is using in the manufacture of hats. The machine was

---

[1] [Reported by Hon. Samuel Blatchford. Circuit Judge. reprinted in 3 Ban. & A. 499, and here republished by permission.]

constructed prior to the plaintiff's application for a patent, and from measurements taken for that purpose from the machine upon which the plaintiff thereafter applied for and obtained a patent. Whether the defendant's machine was so constructed with the knowledge and consent of the plaintiff, is a fact in dispute, there being two affidavits upon this subject, opposing each other. There are, also, affidavits going to show that the plaintiff's machine was not invented by him, but is similar to a machine in use at No. 13 Adams street, for some seven years before the plaintiff's machine was constructed, and one of these affidavits is that of the workman who constructed the plaintiff's machine, and who states that it is, in all essential particulars, like the machine in use at No. 13 Adams street, and was intended to be exactly similar, save only in regard to the position of the weights upon the piston, and that the difference in this respect is not only unimportant, but was suggested by the deponent, and was not the invention of the plaintiff. To this affidavit is opposed the affidavit of the plaintiff, who contradicts the statement of the workman, whom he shows to have been discharged from his employment, and to be hostile and biased. It is conceded that the defendant is able to respond to any claim of damages that is made by the plaintiff. Upon such affidavits as these, it is impossible to grant the plaintiff's application for a preliminary injunction. The patent is recent, its validity is disputed, and the facts upon which the plaintiff's right to an injunction depend are not so clearly made out as to warrant the interposition of the court in this stage of the proceeding. The motion is denied.

[Upon final hearing the patent was declared invalid, and the bill dismissed. 8 Fed. 761.]